IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEI GUAN,                              :
                                        :
         Plaintiff,             :
                                          :
 v.                               :   Civil Action No. 1:17cv332
                                          :
BING RAN, *et al.*,            :
                                          :
         Defendants.      :

**MEMORANDUM IN SUPPORT OF DEFENDANT
BING RAN'S MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW defendant BING RAN (hereinafter, Mr. Ran), by counsel, and for his memorandum in support of his motion to dismiss the amended complaint in this matter for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and more specifically Counts I, II, III and IV of the amended complaint, filed herewith, he states as follows:

1.     Mr. Ran adopts the memorandum (Docket # 49) filed herein by defendant ADVANCED SYSTEM TECHNOLOGY AND MANAGEMENT, INC. (hereinafter, AdSTM) in support of AdSTM's motion to dismiss the amended complaint (Docket # 47), with respect to Counts I, II and III of the amended complaint, as if fully restated herein.

2.     Mr. Ran asserts that the pertinent alleged actions and inactions concerning him as asserted in Counts I, II and III of the amended complaint in this matter refer to him and to his actions in his capacity as an officer, director, employee and agent of AdSTM.

3.     Count V of the amended complaint makes no claim against Mr. Ran.

4.     With respect to Count IV of the amended complaint *(hereinafter, the complaint)*, which makes no claim against AdSTM, Mr. Ran states as

follows:

Count IV of the complaint alleges that the plaintiff, FEI GUAN (hereinafter, Mr. Guan) failed to receive full payment for his employee services rendered to AdSTM during the period from October 2008 through August 2014 (Complaint, ¶¶ 97-98, 118-119 and 202), and is entitled to restitution under the quasi-contract theory of unjust enrichment.  In the original complaint in this matter, Mr. Guan's unjust enrichment claim was directed primarily at AdSTM, and AdSTM in its original motion to dismiss this case pointed out that the Virginia Statute of Limitations for an unjust enrichment claim is three (3) years.  Mr. Guan has, apparently, conceded that point, and now, in his new (amended) complaint his Count IV unjust enrichment claim is brought against Mr. Ran and Ms. Guan.

The statute of limitations begins to run at the time the unjust enrichment occurred; in other words, at "the moment the expected compensation *is not paid*."  *Primrose Dev. Corp. v. Benchmark Acquisition Fund I L.P.*, 47 Va. Cir. 296, 298 (1998) (emphasis added); *accord, Seale & Assocs. v. Vector Aero, Corp.*, No 1:10-cv-1093, 2010 U.S.Dist. LEXIS 129748, at *11 (Hilton, Judge, E.D. Va. Dec. 7, 2010).  Because Mr. Guan filed the (amended) complaint on May 10, 2017, a valid unjust enrichment claim must be limited to allegations of compensation not paid during the period from May 10, 2014 through August 2014.  Any alleged underpayments prior to May 10, 2014 are outside the statute of limitations and cannot be considered by this Court.  Mr. Guan has specifically stated in Count IV of the complaint that Mr. Guan is "entitled to compensation from Ms. Guan and Mr. Ran for the period from March 24, 2017 [*sic*] until September 2014 [through August]."  Complaint, ¶ 210.  Mr. Guan has obviously erred in claiming that the period for consideration begins on March 24, 2017 (the date he filed his original complaint).  Counsel believes that Mr. Guan's counsel will confirm that the actual date is from May 10, 2014 (three {3} years prior to the filing of the amended complaint) through

2

August 2014, since there are no allegations of any allegedly inappropriate behavior in or after September 2014.

The crux of Mr. Guan's claim is that (1) he was paid a certain amount of money (salary) by AdSTM for services rendered, pursuant to his employment contract; (2) he "was required" to pay a portion of that money to Mr. Ran; and (3) he then received "bonuses" from AdSTM which essentially offset the payments he paid to Mr. Ran.  Mr. Guan discusses all three (3) of the types of payments in the complaint, but only wants the Court to consider the first two (2) types of payments for purposes of the unjust enrichment claim, totally discounting the "bonuses received" references in the complaint (Complaint, Ex. D),

Exhibit D to the complaint is a chart prepared by Mr. Guan which is identified in the complaint as "Payments from Mr. Guan to Mr. Ran."  Complaint, ¶ 98. The chart reflects Mr. Guan's salary payments from AdSTM in the first column, bonus payments from AdSTM in the third column and payments Mr. Guan alleges he paid to Mr. Ran in the fifth column.  Using those figures, for the period beginning in May 2014 and ending in August 2014, the numbers provided by Mr. Guan show the net above or below his salary that Mr. Guan received each month as follows:

| Month | Salary | AdSTM Bonus Paid | Payment to Mr. Ran | Net +/- |
|---|---|---|---|---|
| May 2014 | $6,500.00 | $3,175.00 | $2,212.19 | +$ 962.81 |
| June 2014 | $6,500.00 | $3,175.00 | $2,212.19 | +$ 962.81 |
| July 2014 | $6,500.00 | $3,175.00 | $2,212.19 | +$ 962.81 |
| August 2014 | $6,500.00 | $3,175.00 | $2,212.19 | +$ 962.81 |

The total amount that Mr. Guan paid to Mr. Ran, that allegedly reduced his salary, ***according to Mr. Guan's figures***, actually resulted in a net ***increase*** in his income in the amount of $3,851.24, or $962.81 per month for the period in question because he was compensated for those payments to Mr. Ran through bonuses paid by AdSTM.  This

monthly increase in Mr. Guan's salary would also have been in effect during March and April 2014 if the Court considers that the filing of the original complaint establishes the beginning date calculations within the statute of limitations.  In either case, Mr. Guan received more than he was contractually entitled to receive.  This is reinforced by the entry on Exhibit D for the month of September 2014, where it indicates that in September 2014 Mr. Guan's salary was increased, but he no longer made a payment to Mr. Ran, and he no longer received a bonus from AdSTM to offset a payment to Mr. Ran.

If the bonuses Mr. Guan received were not established to offset the payments to Mr. Ran, then both would have continued in September 2014.[1]  There may be bookkeeping (or other) reasons for the circutuous route of the payments to Mr. Guan, but he was not underpaid.  There is no basis for his claim for unjust enrichment, since he was actually paid more than his contract called for, wherever his employer had him work, for whomever his employer directed him to work, and for whatever tasks he was assigned to complete.

Count IV should be dismissed in its entirety, because Mr. Guan's employment at AdSTM is covered by, defined by and subject to a written contract — his February 2008 offer letter.  *See*, Complaint, ¶¶ 19-20 and Ex. B.  Because an unjust enrichment claim is quasi-contractual, it may not be brought where there is an express contract.  *See*, *WRH Mortgage, Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000) ( Where a contract governs the relationship of the parties, the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie). During the pertinent period for this matter, Mr. Ran was an officer, director, employee and agent of AdSTM's, and Mr. Guan was an employee of AdSTM.

It must also be noted that even though Mr. Guan was employed by AdSTM,

---

[1]  In ¶ 138 of the complaint Mr. Guan explicitly acknowledges and states that he was the one who requested the termination of the arrangement whereby he was paid bonuses in exchange for his monthly payments to Mr. Ran of ½ of his monthly net salary  from AdSTM.

pursuant to the contract providing the basis for his being paid for services rendered, Count IV of the complaint is asserted only against Mr. Ran and defendant ALICE GUAN (hereinafter Ms. Guan).   Mr. Guan had no employment relationship, either contractual or quasi-contractual with Mr. Ran.

Further, should the Court grant the motions to dismiss the federal claims alleged in Counts I, II, III and V in this matter, the Court should further decline to exercise its supplemental jurisdiction over these few remaining months of alleged "unjust enrichment."  28 U.S.C. § 1367 ( c )(3).  The *de minimis* nature of the alleged claim, and the state rather than Federal nature of the claim mandates that Count IV not stand on its own as a Federal matter.  Mr. Guan's claim in Count IV is a common law claim for unjust enrichment.  There is no Federal statute to establish jurisdiction in this Federal Court.  Therefore, if the Federal statutory claims are dismissed, there is no basis for this Court to adjudicate the dispute referenced in Count IV.

WHEREFORE, the (amended) complaint herein, in its entirety, should be dismissed as to defendant BING RAN for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BING RAN


_____/s/_____
By Counsel

WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for Defendant BING RAN
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY THAT on the 25th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to at least the following counsel of record:

Joshua Erlich, Esquire
Davia Craumer, Esquire
Katherine Herrmann, Esquire
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Boulevard, Suite 700
Arlington, VA 22201
Jerlich@erlichlawoffice.com
Dcraumer@erlichlawoffice.com
Kherrmann@erlichlawoffice.com
Counsel for Plaintiff Fei Guan

James B. Kinsel, Esquire
Rebecca Bricken Segal, Esquire
PROTORAE LAW, PLLC
1921 Gallows Road, Suite 950
Tysons, VA 22182
Jkinsel@protoraelaw.com
Rsegal@protoraelaw.com
Counsel for Defendant Advanced System
    Technology and Management, Inc.

Douglas Bywater, Esquire
Paul Mickelsen, Esquire
TATE BYWATER FULLER MICKELSEN & TULL, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Debywater@tatebywater.com
Pmickelsen@tatebywater.com
Counsel for Defendant Alice Guan

Robert R. Vieth, Esquire
Mihir V. Elchuri, Esquire
HIRSCHLER FLEISCHER, P.C.
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
Rvieth@hf-law.com
Melchuri@hf-law.com
Counsel for Defendant Qi Tech, LLC

By:  _____/s/_____
    WILLIAM B. CUMMINGS, ESQUIRE
    VSB #6469

6

Attorney for Defendant BING RAN
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com