IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEI GUAN,                                         :
      Plaintiff,                             :
                                                  :   Case No. 1:17cv00332
                                                  :   (JCC/IDD)
v.                                                :
                                                  :
BING RAN, et al,                                  :
      Defendants,                            :

REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ALICE GUAN'S
MOTION TO DISMISS

Defendant Alice Guan, by counsel, sets forth the following as her Reply to the Plaintiff's Memorandum in Opposition to her Motion to Dismiss.

Defendant Alice Guan previously set forth in her Memorandum her Statement of the Case, Statement of Facts and Standard of Review. Those will not be repeated here but are adopted in this Reply brief.

## **ALICE GUAN PERSONALLY**

Plaintiff first addresses in his Opposition Alice Guan's assertion that the Amended Complaint fails to state a claim or allege acts by Alice Guan individually. Plaintiff in his memorandum repeats allegations from the Amended Complaint that have no bearing at all on the causes of action being set forth in the Amended Complaint.

Plaintiff alleges that Alice Guan negotiated with her ex-husband leading to a property settlement agreement and certain amendments. These are not allegations of acts constituting a violation of TVPA.

1

Plaintiff alleges that Alice Guan leased plaintiff a home (which must have been at a reasonable rate or plaintiff would have alleged that he was over paying), which also is not an allegation of an act that would violate TVPA.

Finally, showing how desperate plaintiff is to allege something, he alleges that Alice Guan picked him up at the airport and drove him to his home. How such a kind sisterly act could be construed as a violation of the TVPA is beyond comprehension.

As to the claim of unjust enrichment (Count IV) there is no claim of anything belonging to Plaintiff or to which Plaintiff might be entitled, that was received by Alice Guan and should be returned. Such an allegation is necessary for a claim of unjust enrichment.

The only allegations against Alice Guan personally are not supportive of either a claim of violating any provision of TVPA or of a claim of unjust enrichment.

## TRAFFICKING VICTIMS PROTECTION ACT (TVPA)

Counts I, II, and III require as a condition precedent to a civil claim under 18 U.S.C. § 1595 that the Plaintiff be held in peonage, slavery, involuntary servitude, or forced labor.

There are no allegations in the Amended Complaint that even come close. Both parties have cited cases in which claims of peonage, slavery, involuntary servitude, and forced labor were upheld. What is striking is the difference in the facts of those cases compared to plaintiff's allegations. Following are examples of actions that constituted violations of TVPA.

*U.S. v Sabhnani*, 539 F. Supp. 2d 617 (E.D.N.Y. 2008).

- Took victims passport and visa
- Made victims work 4 am – midnight, 7 days/week

- Made victims sleep on the kitchen floor
- Did not allow any outside contact
- Not enough food – forced victims to eat from the trash
- Physical beatings and other indecencies

*Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445 (E.D.V.A. 2015)

- Confiscated passport and visa
- Forced victim to work 18 hours/day, 7 days/week
- Prohibited victim from leaving the house
- Prohibited victim from communicating with anyone outside defendant's presence
- Denied medical treatment
- Physical threats
- Ignored victim's request to return to Philippines

*Cruz v. Maypa*, 773 F. 3d 138 (4th Cir. 2014)

- Took victim's passport
- Told her she would be hunted down, imprisoned and deported if she left
- Isolated victim from family and friends
- Prohibited victim from leaving house, except to walk their dog

There are many other cases in which violations of TVPA have been upheld and all have similar fact patterns.

The single allegation plaintiff makes in support of his claims of Alice Guan violating TVPA is that before he began work, but after he arrived in the U.S., his sister told him that he

would need to pay ½ of his net pay to Bing Ran and if he failed to make these payments his employment would be terminated; that Alice Guan asked him if he had a problem with that and he (Plaintiff) expressed concerns with the agreement but felt compelled to accept the arrangement (Amended Complaint ¶ 70-74)

There are no allegations of his passport being confiscated; no allegations he was forced to work long hours; no allegations of physical threats or abuse; no allegations of isolation from other people; no allegations of horrible working or living conditions. No such allegations are made in Plaintiff's case because none exist. There was no human trafficking.

The statement made in Alice Guan's memorandum that for a civil claim under TVPA to succeed a defendant must be "found guilty" was not meant to convey that criminal conviction must first occur as a precursor to a civil action, but was meant to convey that acts of human trafficking must be proved as a condition precedent to a civil claim being successful.

**COUNT I – PEONAGE**

Plaintiff admits that to be successful in a claim of peonage there must be compulsory service in payment of a debt. (See citation to *United States v. Farrell*, Plaintiff's Memo p. 10). The Amended Complaint goes to great length to deny that any debt existed or that Plaintiff was obligated by any debt to Bing Ran (and certainly no debt to Alice Guan) (See Amended Complaint ¶ 121-129).

The statement in *Farrell* requires not only a debt but "compulsory service" to pay the debt. Neither a debt nor compulsory service to pay a debt has been alleged because none existed.

Plaintiff claims in his Memorandum that he was forced to work to provide money to Mr. Ran (See Plaintiff's Memorandum p. 12). There was nothing forcing Mr. Guan to work. He

could simply have turned around and gone back to Japan or China or found other employment in the United States.

Plaintiff cites the *Muchira* case for the proposition that in determining whether an employer's conduct is coercive there is both a subjective and objective component. Plaintiff's position is that the fact finder must consider the victim's "vulnerabilities" as well as deciding that the victim's decision to remain employed was "objectively reasonable under the circumstance." Plaintiff then gives a litany of statements attributable to Alice Guan, none of which are contained in the Amended Complaint, trying to convince the court that Plaintiff was vulnerable and that Alice Guan manipulated his vulnerabilities. (See Plaintiff's Memo. p. 13)

What the Amended Complaint does allege is that Plaintiff is a college graduate in Electronics and Mechanical Engineering; that he has advanced his status in the U.S. from a H-1B visa to lawful permanent resident (Amended Complaint ¶ 1-2), that he earned $104,000 per year beginning September of 2014 (Exhibit attached to Amended Complaint), that he has purchased a home in Fairfax Virginia (see address of this home on the bonus checks attached to his Amended Complaint). That is hardly the picture of a vulnerable person who is being manipulted. His objective reason for starting work (even though at that point he knew about payments to Bing Ran personally) and staying employed with AdSTM was that he earned a good salary with many benefits, that he used his employment with AdSTM to apply for his permanent resident status, all while paying funds to Bing Ran, and it had nothing to do with being forced to stay. In fact he is still employed at AdSTM.

**COUNT II – BENEFITING FROM HUMAN TRAFFICKING**

Count II fails as it also has as a condition precedent that Plaintiff be the victim of peonage, slavery, involuntary servitude, or forced labor. Such a condition did not and has not existed as set forth above. Whether or not Alice Guan benefitted financially from Plaintiff's employment (which is strenuously denied) is irrelevant lacking the human trafficking component.

The rental of a home to Plaintiff at a rate that has not been claimed to be unreasonable (because in fact it was very reasonable) is not in any way connected to Plaintiff's employment. It was an accommodation to a brother and his family who needed a place to stay. Alice Guan could have rented this property to any third party for at least what plaintiff paid, so the rental to plaintiff was not in any way a financial benefit derived by Alice Guan from plaintiff's employment.

**COUNT III - HUMAN TRAFFICKING**

As is true with Counts I and II, Count III also requires a finding that Plaintiff was a victim of peonage, slavery, involuntary servitude, or forced labor. There is no dispute that the Amended Complaint alleges that an offer of employment was extended to Plaintiff by AdSTM in February of 2008 for a salary amount to be determined (it was left blank). That offer was made by AdSTM with Alice Guan as president signing on behalf of AdSTM. Plaintiff accepted the offer of employment by signing the offer letter on February 29, 2008. (See Hire Letter attached to Amended Complaint). Not every offer of employment is human trafficking in violation of TVPA.

The cases cited by Plaintiff, *Lagasan* and *Doe*, were cases in which the court first found the defendants to have held the victim in involuntary servitude or forced labor. They involved the types of conditions described in the cases above as the kinds of abuses the TVPA was enacted to remedy. So while *Lagasan* and *Doe* set out a separate liability for trafficking pursuant to 18 U.S.C. § 1590, it still requires initially a finding that the plaintiff was a victim of human trafficking. That is not the case here. Plaintiff makes assertions of various promises made by Alice Guan about his employment, but such allegations are contradicted by the written agreement Plaintiff signed. Again if plaintiff was unhappy with the terms of his employment he was free to leave and go back to Japan or to China or find another employer in the United States.

**COUNT IV - UNJUST ENRICHMENT**

Alice Guan affirms the historical basis of the claim of unjust enrichment as set forth in her Memorandum which was agreed to be correct by plaintiff in his Memorandum. The Virginia Supreme Court's case of *Schmidt v. Household Finance Corp.,* 276 Va 108 (2008) is perhaps the leading case in Virginia defining the elements of unjust enrichment. There the Court laid out three necessary elements in any unjust enrichment cause of action: (1) that the plaintiff conferred a benefit on the defendant; (2) that the defendant knew of the benefit and should reasonably have expected to repay the benefit to the plaintiff; and (3) the defendant retained the benefit without paying for its value.

What benefit did the plaintiff bestow upon Alice Guan that she should now expect to repay to plaintiff, and which she continues to retain without paying for it?  Nothing. Alice Guan did not receive any of plaintiff's salary. Alice Guan could not reasonably be expected to repay reasonably rent. Alice Guan was simply not unjustly enriched by anything given to her (conferred) by Plaintiff.

Plaintiff alleges that Alice Guan withdrew $2.5 million from AdSTM (amended Complaint ¶ 68) but fails to mention that this withdrawal was a profit distribution payment to her as the then sole shareholder of AdSTM and had nothing to do with plaintiff's employment.

**STATUE OF LIMITATIONS**

Plaintiff's silence about the statute of limitations applied to the unjust enrichment claim must mean they concede the point.

It is Alice Guan's belief that statute of limitations considerations drove the entire claims of human trafficking. Cutting to the core of plaintiff's suit, this is a claim for money he paid to Bing Ran personally from his net salary that he believes should not have been paid and should be given back to him. A claim that would have had its beginning in October of 2008 with the first check to Bing Ran. Plaintiff sat on his claim for over 8 years. While portions of his claim conceivably continued until the final payment to Bing Ran personally in August of 2014, most if not all of his claim was barred by statutes of limitations for causes of action for return of money; such causes of action like conversion, fraud, unjust enrichment, etc. Clearly counsel for Plaintiff sought far and wide for any conceivable cause of action that would not be barred by the Statute of Limitations and came up with the civil claim of human trafficking. They then tried to drive a square peg into a round hole. They tried to apply human trafficking law to the conditions of plaintiff's actual employment with AdSTM. It just doesn't fit.

Wherefore, all of Counts I, II, III, and IV of the Amended Complaint should be dismissed as to Alice Guan for failure to state a claim upon which relief can be granted and no further amendments should be allowed as there are not facts to support such claims, such claims have

been made in bad faith and it would be prejudicial to Alice Guan to allow any further amendments.

                                        Respectfully Submitted,

                                        ALICE GUAN,
                                        By Counsel

_____/s/_____

Tate Bywater Fuller Mickelsen & Tull, PLC
Counsel for Defendant Alice Guan
Douglas E. Bywater        Bar No 9137
James R. Tate              Bar No 6241
Paul Mickelsen           Bar No 71274
Travis D. Tull             Bar No 47486
2740 Chain Bridge Road
Vienna, VA  22181
703-938-5100 Tel
703-255-1097 Fax
debywater@tatebywater.com
jtate@tatebywater.com
pmickelsen@tatebywater.com
ttull@tatebywater.com

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY THAT on the 12th  day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to at least the following counsel of record:

                    Joshua Erlich, Esquire
                    Davia Craumer, Esquire
                    Katherine Herrmann, Esquire
                    THE ERLICH LAW OFFICE, PLLC
                    2111 Wilson Boulevard, Suite 700
                    Arlington, VA  22201
                    jerlich@erlichlawoffice.com
                    dcraumer@erlichlawoffice.com
                    kherrmann@erlichlawoffice.com
                    Counsel for Plaintiff Fei Guan

James B. Kinsel, Esquire
Rebecca Bricken Segal, Esquire
PROTORAE LAW, PLLC
1921 Gallows Toad, Suite 950
Tysons, VA  22182
jkinsel@protoraelaw.com
rsegal@protoraelaw.com
Counsel for Defendant Advanced System
     Technology and Management, Inc.

Robert R. Vieth, Esquire
Mihir V. Elchuri, Esquire
HIRSCHLER FLEISCHER, P.C.
8270 Greensboro Drive, Suite 700
Tysons, VA  22102
rvieth@hf-law.com
melchuri@hf-law.com
Counsel for Defendant Qi Tech, LLC

William B. Cummings, Esquire
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA  22313
wbcpclaw@aol.com
Counsel for Defendant Bing Ran