IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FEI GUAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-332 |
| | ) |
| BING RAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT QI TECH, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendant Qi Tech, LLC ("Qi Tech"), by counsel, states as follows for its Reply Memorandum in Support of its Motion to Dismiss Amended Complaint[1]:

### PRELIMINARY STATEMENT

Plaintiff's Amended Complaint accuses Qi Tech of engaging in serious misconduct under the criminal anti-human trafficking statutes, but bases its claims on allegations which are not only flimsy, but which also highlight the tangential role played by Qi Tech in this acrimonious intra-family dispute. Plaintiff's claims against Qi Tech constitute an attempt to trivialize these important anti-human trafficking statutes, which are "intended to address *serious* trafficking." *Muchira v. Al-Rawaf*, 850 F.3d 605, 618 (4th Cir. 2017) (emphasis in original). Because the Amended Complaint fails to satisfy the elements of a claim against Qi Tech, the Amended Complaint must be dismissed as against Qi Tech.

---

[1] All capitalized terms used in this Reply Memorandum are ascribed the same meaning as they were assigned in Qi Tech's Memorandum in Support of its Motion to Dismiss the Amended Complaint.

# ARGUMENT

### I. Plaintiff fails to allege the necessary predicate unlawful conduct to state a claim under 18 U.S.C. § 1593A.

Plaintiff first argues that a claim under 18 U.S.C. § 1593A does not require allegations of a violation of other anti-peonage statutes. Opp. Br. 7-8. The plain text of Section 1593A, however, conditions liability on "participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a)." 18 U.S.C. § 1593A. Plaintiff's theory that he does not have to allege a separate anti-peonage violation is refuted by the plain language of the statute. Because he has not made any such allegation against Qi Tech, the Amended Complaint must be dismissed as against Qi Tech.

Plaintiff goes on to argue, in the alternative, that even if he is required to allege a violation of section 1581(a), 1592, or 1595(a), the Amended Complaint satisfies this burden because it sufficiently states a claim that Qi Tech violated § 1595(a). Opp. Br. 8. This is wrong for several reasons.

First, the Amended Complaint does not allege—nor does it attempt to allege—that Qi Tech violated § 1595(a). This point was raised for the first time in Plaintiff's opposition. Second, as Plaintiff notes in his opposition papers, § 1595(a) is an enabling statute that provides a cause of action for violation of *other* statutory provisions. Opp. Br. at 7-8. Section 1595 is cited in the Amended Complaint *only* as the provision under which the lawsuit was filed, not as a statute that itself was violated.

More fundamentally, even if Plaintiff could overcome the foregoing hurdles, Plaintiff must allege that there was a "venture" in which Qi Tech "participated." 18 U.S.C. §§ 1593A, 1595(a). Plaintiff has not defined any "venture" that engaged in a violation of the Act, and for this reason alone Qi Tech is entitled to dismissal. Nor has Plaintiff described how Qi Tech


"participated" in the illegal venture, another fatal shortcoming.  Under any measure, the Amended Complaint fails to state a claim under § 1593A.

This is not a situation where Plaintiff's overly expansive theory of liability, or his inadequate allegations, may be excused.  Plaintiff is not entitled to the benefit of any doubt.  He has filed serious charges of human trafficking, seeking a civil remedy under a criminal statute.  The statute must be strictly construed.  *See Crandon v. United States*, 494 U.S. 152, 158 (1990) (applying the rule of lenity where the governing standard in a civil case was embedded in a criminal statute); *Federal Communications Comm. v. American Broadcasting Corp.*, 347 U.S. 284, 296 (1954) (criminal statutes must be strictly construed when applied in civil cases).  Plaintiff's position ignores this principle and, under his theory, liability under § 1593A would extend far beyond the principal players in the alleged trafficking scheme.  This was not Congress' intent and the Court should reject Plaintiff's attempt to implicate Qi Tech under Plaintiff's flawed reading of the TVPA.

## II. Qi Tech did not unlawfully receive a financial benefit because Plaintiff performed work pursuant to a series of Mentor-Protégé Agreements.

The Amended Complaint makes clear that Plaintiff was an employee of AdSTM, and that AdSTM and Qi Tech were parties to a series of Mentor-Protégé Agreements.  Am. Compl. ¶¶ 94, 148.  Because AdSTM was required to provide mentor services to Qi Tech, and because AdSTM can only act through its employees, the only inference to be drawn from the allegations is that Plaintiff's work for Qi Tech was performed in his role as AdSTM employee.  Qi Tech had no independent obligation to compensate Plaintiff for his work—AdSTM was his employer and AdSTM paid his salary.  Accordingly, any dispute Plaintiff has with AdSTM regarding his salary simply does not involve Qi Tech.  Plaintiff's reliance on *Lagasan v. Al-Ghasel*, 92. F. Supp. 3d

445, 455 (E.D. Va. 2015) only serves to confirm Qi Tech's position because the basis for liability in that case was an employment contract between the plaintiff and the defendant.[2]

Plaintiff also makes much of the fact that he purchased equipment with his own money for Qi Tech from 2010 to 2014. Opp. Br. 8-9. Missing from Plaintiff's papers, however, is any explanation why this is relevant or how it supports his claim that Qi Tech violated § 1593A. Plaintiff admits that Qi Tech reimbursed him for all of these expenses, Am. Compl. ¶ 152., so it is unclear how this bears on Qi Tech's liability. In sum, Plaintiff's allegations fail to adequately explain how Qi Tech benefitted financially in violation of the TVPA.

### III. Plaintiff fails to sufficiently allege the "knowingly" requirement of §1593A.

Plaintiff acknowledges that acts taken by an agent out of a personal motive or an interest that is adverse to the principal's interests are not imputed to the principal. Opp. Br. 9 (acknowledging the existence of the adverse interest exception). Yet, Plaintiff argues that this exception does not apply in this instance for two reasons: (1) because Mr. Ran's actions allegedly were not adverse to Qi Tech; and (2) because Mr. Ran allegedly was the sole agent of Qi Tech at all relevant times. Thus, he concludes that Mr. Ran's knowledge of the alleged trafficking scheme may be imputed to Qi Tech, thereby satisfying the knowing requirement of § 1593A.

Both of Plaintiff's justifications fail. On the first point, Plaintiff *expressly admits* that Mr. Ran worked in his own interests. Opp. Br. 10 ("Mr. Ran acted in his own interest by compensating [Plaintiff] for his own labor and services in the manner described in the Amended

---

[2] Plaintiff argues that because Qi Tech issued one bonus check to Plaintiff over the course of a four-year period, he is entitled to an inference that Qi Tech believed it was required to compensate Plaintiff. Opp. Br. 9. Of course, the issuance of one bonus check—the amount of which is not specified in the Amended Complaint—is not nearly enough to warrant such an inference.

Complaint"). Of course, no express admission is required because the catalyst of Plaintiff's entire case is Mr. Ran's requirement that Plaintiff repay half of his AdSTM salary. Plaintiff's theory of the case is that these payments were for Mr. Ran's personal benefit,[3] which, of course, is adverse to Qi Tech's interest in staying out of this family dispute and avoiding liability for alleged kickbacks that it did not receive.

On Plaintiff's second point, there is no allegation in the Amended Complaint that Mr. Ran was the sole agent of Qi Tech. Nor is there any basis for the Court to draw this inference based on the facts pleaded. To be sure, Plaintiff could have raised this fact in the Amended Complaint but chose not to do so, most likely because he knows that Mr. Ran is not the sole agent of Qi Tech. Thus, based on the allegations of the Amended Complaint, Mr. Ran's knowledge may not be imputed to Qi Tech, so Plaintiff fails to allege that Qi Tech engaged in a knowing violation of the TVPA.

**IV.     The Court should deny Plaintiff leave to amend his Amended Complaint.**

Plaintiff has already amended his complaint once, and even the Amended Complaint fails to state a claim against Qi Tech. As Plaintiff notes in his opposition brief, the Court should deny further leave to amend the Amended Complaint if the proposed amendment is prejudicial to Qi

---

[3] Plaintiff is willing to make these points quite pointedly when it suits his litigation strategy. In his opposition to the motion to dismiss filed by Mr. Ran, Plaintiff admits that "Mr. Ran negotiated for an illegal *personal kickback* . . . that required [Plaintiff] to pay one-half of his salary to Mr. Ran every month." Opp. To Ran Motion 9 (emphasis supplied). Further, Plaintiff alleges that the negotiations between Mr. Ran and Ms. Guan were:

> *fundamentally personal in nature*; they took place as part of Mr. Ran's divorce. There is no reasonable argument that Mr. Guan was acting as an agent or representative of AdSTM in establishing his property and parental rights pursuant to his own divorce except those times when he and Ms. Guan specifically committed AdSTM to a course of action.

*Id*. at 11 (emphasis supplied).

Tech, *or* if the amendment would be futile. Opp. Br. 11 (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). Further, it is well-established in the Fourth Circuit that a district court's refusal to grant leave to amend a complaint is not an abuse of discretion. *See Estrella v. Wells Fargo Bank, N.A* ., 497 F. App'x 361, 362 (4th Cir.2012) (holding that when "the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, 'the district court [does] not abuse its discretion in failing to give the plaintiff[ ] a blank authorization to 'do over' [his] complaint'") (quoting *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir.2009)); *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630–31 (4th Cir.2008) (finding no abuse of discretion in declining to grant a motion to amend that was raised only in a brief in opposition to a motion to dismiss and in objections to the magistrate judge's report).

Here, any prospective amendment to the Amended Complaint would undoubtedly be prejudicial to Qi Tech. This is no ordinary civil case, but rather alleges *serious* charges under the federal (criminal) human trafficking statute. As a result, the potential consequences for Qi Tech are substantial and should not linger based on Plaintiff's inability to properly state a claim in his first two bites at the apple.

Second, it is clear that any amendment to the Amended Complaint will prove futile. Indeed, when first given the opportunity to amend his pleading, the only new allegations against Qi Tech were conclusory statements embedded in the text of Count II of the Amended Complaint. Plaintiff had the chance to bolster his factual allegations against Qi Tech, but his failure to do so highlights the tangential nature of Qi Tech's involvement in the underlying events driving this case. The Court should not allow this exercise in futility to continue.

6

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Qi Tech's Memorandum in Support of its Motion to Dismiss the Amended Complaint, Qi Tech respectfully requests that the Court dismiss the Amended Complaint as to Qi Tech, and grant any such other and further relief as it deems proper.

Dated: June 12, 2017                                    Respectfully submitted,

                                                                           QI TECH, LLC.

                                                                           By: _____/s/_____

                                                                           Robert R. Vieth
                                                                           VSB No. 24304
                                                                           Mihir V. Elchuri
                                                                           VSB No. 86582
                                                                           Attorneys for Defendant Qi Tech, LLC
                                                                           Hirschler Fleischer,
                                                                           A Professional Corporation
                                                                           8270 Greensboro Drive, Suite 700
                                                                           Tysons, VA 22102
                                                                           Telephone:   703.584.8900
                                                                           Facsimile:    703.584.8901
                                                                           E-mail:         rvieth@hf-law.com
                                                                                                melchuri@hf-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June 2017, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court for the Eastern District of Virginia, Alexandria Division, using the Court's CM/ECF system, which thereby caused the above to be served electronically on all registered users of the Court's CM/ECF system who have filed notices of appearance in this matter.

/s/

Mihir V. Elchuri
VSB No. 86582
Attorney for Defendant Qi Tech, LLC
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
Telephone:	703.584.8900
Facsimile:	703.584.8901
E-mail:	melchuri@hf-law.com

8852826-1  042417.00001