IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FEI GUAN, | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 1:17cv332 |
| BING RAN, *et al.*, | : |
|       Defendants. | : |

**RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BING RAN'S MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW defendant BING RAN (hereinafter, Mr. Ran), by counsel, and for his response to the Plaintiff's Memorandum in Opposition to Defendant Bing Ran's Motion to Dismiss Amended Complaint, he states as follows:

1. Mr. Ran adopts defendant ADVANCED SYSTEM TECHNOLOGY AND MANAGEMENT, INC. (hereinafter, AdSTM's) response to the plaintiff's opposition to AdSTM's motion to dismiss the amended complaint with respect to Counts I, II and III of the amended complaint, when it is filed, as if fully restated herein. Although Mr. Ran is sued individually with respect to those counts, the cause of action in each of those counts can only be brought against the "employer," and as previously pointed out, there are no facts alleged in the amended complaint to support such causes of action.

2. The plaintiff, FEI GUAN (hereinafter, Mr. Guan) continues to fail to appreciate that he can not have facts both ways.

3, Mr. Guan is well aware that the statute of limitations for his unjust enrichment claim in Count IV of the amended complaint limits his potential relief for such a claim to a period beginning no earlier than March 24, 2014 (Mr. Guan's Opposition to Mr. Ran's Motion to Dismiss

the Amended Complaint, Part II A.) and ending no later than the end of August 2014, yet in his opposition to the motion to dismiss he continues to trumpet the "approximately $160,000" of his net income from AdSTM he allegedly paid to Mr. Ran. For an actual claim within the statute of limitations, his own Exhibits to the amended complaint paint a different story..

4. Services performed by Mr. Guan were performed only once. Mr. Guan has never alleged that he was required to work additional hours after his normal working hours for Mr. Ran or for Qi Tech at Mr. Ran's insistence. Instead, Mr. Guan asserts that some of the work he performed at AdSTM was, or may have been, for the benefit of Qi Tech. As a result, payment for those services, from whomever, can only be required once. He was paid, then paid Ran, then was repaid more than the amount paid to Ran, even back as far as March 2014 (not just back as far as May 2014).

5. Mr. Guan references a property settlement agreement between Mr. Ran and defendant ALICE GUAN, but that document is exactly what it purports to be, an agreement between Mr. Ran and ALICE GUAN concerning their relationship, including their agreement about how they would run and divide the corporation (AdSTM) they jointly owned. The property settlement agreement did not control AdSTM or Mr. Guan, nor did either AdSTM or Mr. Guan receive any benefit from it. In this matter it is a red herring, used by Mr. Guan only to confuse the issues. Mr. Guan worked for AdSTM, provided services to AdSTM or as designated by AdSTM, and was paid by AdSTM.

6. The "facts" alleged by Mr. Guan establish that he was paid more than the agreed amount for the services he rendered, no matter to whom they were

      rendered and no matter from whom he was paid. HE GOT THE BENEFIT OF HIS BARGAIN.

7. In his opposition, Mr. Guan does NOT refute that he was fully paid, but claims he should be paid again, by Mr. Ran, for the same services he had rendered, and for which he was fully paid.

8. Mr. Guan asserts in the amended complaint that during the period within the statute of limitations he performed services (whether for Mr. Ran, Ms. Guan, AdSTM, or Qi Tech is immaterial) at the direction of Mr. Ran, and that he was paid for those services. He also confirms that he was paid the full amount due to him (from whatever source he was paid).

9. It must be stressed that Mr. Guan *specifically* linked (1) the services he provided to earn his pay from AdSTM; (2) the amounts he paid to Mr. Ran; and (3) the bonuses he received from AdSTM. In particular, in ¶ 138 of the amended complaint, Mr. Guan stated (and then restated in his opposition to the motion to dismiss) that he was the one who requested the termination of the arrangement whereby he was paid bonuses in exchange for his monthly payments to Mr. Ran. It cannot be a coincidence that when he stopped paying Mr. Ran, AdSTM stopped paying him bonuses. There was a one-to-one correlation between his payments to Mr. Ran and his receipt of bonus money. When he said stop, both stopped.

10. Mr. Guan argues that Mr. Ran was not AdSTM and that payments to Mr. Ran cannot be netted out against payments from AdSTM, even though Mr. Guan linked them inextricably in his own pleadings. Mr. Guan worked for AdSTM under the direction of Mr. Ran. During 2014 there was no other person at AdSTM in charge of Mr. Guan. AdSTM would not, *could* not, have paid Mr. Guan the bonuses it did unless Mr. Ran

    directed those payments to be made. If Mr. Ran received any personal benefit from Mr. Guan's services, Mr. Ran directed payments to Mr. Guan for those services rendered, according to Mr. Guan's facts as pled.

11. Mr. Guan concludes his opposition to Mr. Ran's motion to dismiss the amended complaint with a plea to the Court for leave to file yet another amended complaint, in the event that the Court properly concludes that it should grant the motion to dismiss. As ably discussed in Defendant Qi Tech, LLC's Reply Memorandum in Support of Motion to Dismiss Amended Complaint (Document 56, Argument, Part IV, p. 5), which Mr. Ran adopts as if fully restated herein, Mr. Guan's request should be denied and the amended complaint should be dismissed in its entirety without leave to further amend.

  WHEREFORE, the (amended) complaint herein, in its entirety, should be dismissed as to defendant BING RAN, without leave to further amend, for failure to state a claim upon which relief can be granted.

            Respectfully submitted,

            BING RAN


                 /s/
            By Counsel


WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for Defendant BING RAN
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on the 13th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to at least the following counsel of record:

>Joshua Erlich, Esquire
>Davia Craumer, Esquire
>Katherine Herrmann, Esquire
>THE ERLICH LAW OFFICE, PLLC
>2111 Wilson Boulevard, Suite 700
>Arlington, VA 22201
>Jerlich@erlichlawoffice.com
>Dcraumer@erlichlawoffice.com
>Kherrmann@erlichlawoffice.com
>Counsel for Plaintiff Fei Guan

>James B. Kinsel, Esquire
>Rebecca Bricken Segal, Esquire
>PROTORAE LAW, PLLC
>1921 Gallows Road, Suite 950
>Tysons, VA 22182
>Jkinsel@protoraelaw.com
>Rsegal@protoraelaw.com
>Counsel for Defendant Advanced System Technology and Management, Inc.

>Douglas Bywater, Esquire
>Paul Mickelsen, Esquire
>TATE BYWATER FULLER MICKELSEN & TULL, PLC
>2740 Chain Bridge Road
>Vienna, VA 22181
>Debywater@tatebywater.com
>Pmickelsen@tatebywater.com
>Counsel for Defendant Alice Guan

>Robert R. Vieth, Esquire
>Mihir V. Elchuri, Esquire
>HIRSCHLER FLEISCHER, P.C.
>8270 Greensboro Drive, Suite 700
>Tysons, VA 22102
>Rvieth@hf-law.com
>Melchuri@hf-law.com
>Counsel for Defendant Qi Tech, LLC

By: _____/s/_____
WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for Defendant BING RAN

WILLIAM B. CUMMINGS, P.C.<br>
Post Office Box 1177<br>
Alexandria, VA 22313<br>
(703) 836-7997<br>
FAX (703) 836-0238<br>
Email: wbcpclaw@aol.com