IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEI GUAN,                                          :
                                                   :
                    Plaintiff,                     :
                                                   :
   v.                                              :   Civil Action No. 1:17cv332
                                                   :
BING RAN, *et al.*,                                :
                                                   :
                    Defendants.                    :

## REPLY TO THE OPPOSITION TO THE MOTION FOR SANCTIONS BY DEFENDANTS BING RAN, ADVANCED SYSTEM TECHNOLOGY AND MANAGEMENT, INC. AND QI TECH, LLC

COME NOW defendants BING RAN (hereinafter, Mr. Ran), ADVANCED

SYSTEM TECHNOLOGY AND MANAGEMENT, INC. (hereinafter, AdSTM) and QI

TECH, LLC (hereinafter, Qi Tech) (hereinafter, jointly, the Ran defendants), by counsel,

and for their reply to the memorandum in opposition to their motion for the imposition of

sanctions in their favor, and against Joshua Erlich, Esquire, Davia Craumer, Esquire,

Katherine Herrmann, Esquire and THE ERLICH LAW OFFICE, PLLC (hereinafter,

plaintiff's counsel), counsel for plaintiff, FEI GUAN (hereinafter, Mr. Guan), they state

as follows:

## I.  BACKGROUND

The Ran defendants, through counsel, filed their motion for sanctions

(hereinafter, the motion) in this matter, expressly making a limited claim against

plaintiff's counsel, pursuant to the inherent powers of this Court.

Plaintiff's counsel filed a memorandum in opposition to the motion for sanctions

(hereinafter, the opposition) but in doing so utterly failed to address the one key issue

that this Court recognized in its Memorandum Opinion (Document #60) filed after

hearing arguments on the second motions to dismiss filed herein by the Ran defendants

(and defendant Alice Guan).  That issue was the plaintiff's counsel's utter failure to be

able to show that Mr. Guan was the subject of servitude.  As the Court stated with respect

to Count I of the Amended Complaint, the plaintiff's counsel had failed to plead "sufficient facts to suggest that he [Mr. Guan] was forced to work at AdSTM against his will." Memorandum Opinion, p. 12. According to the Court, there simply was no evidence of forced labor. The missing facts, and the inadequate facts asserted, were the core facts needed to establish a legal claim. Counts II and III of the Amended Complaint were also rejected by the Court, based upon the same dearth of factual support for the claims. The Court said that because there was "insufficient evidence . . . to support Plaintiff's claim that Defendants AdSTM, [Ms.] Guan and [ ] Ran violated Section 1581(a), or any other predicate offense under the TVPA, Plaintiff's remaining claims must necessarily be dismissed against all Defendants . . . ." Memorandum Opinion, pp. 13-14. All three (3) of these, the primary claims, were not only rejected by the Court, but the Court also refused leave for Mr. Guan to again amend his complaint because, in the Court's opinion, allowing the plaintiff's counsel another chance to try to plead Mr. Guan's case would be "futile." Memorandum Opinion, p. 19.

Through the initial motions to dismiss filed herein plaintiff's counsel was on notice that there was no condition of servitude. Despite that notice, plaintiff's counsel attempted to plead the same condition of servitude as the basis for Mr. Guan's entire Amended Complaint. Plaintiff's counsel's action in refiling the baseless claims, is the basis for the claim for sanctions. Plaintiff's counsel acted in bad faith, wantonly, oppressively, or vexatiously, because the amended pleading did not cure the ills it needed to address.

## II.  PROCEDURAL MARKERS

Plaintiff's counsel argues in the Opposition that the Federal Rules of Civil Procedure allow them to file an amended complaint as necessary. Opposition, p. 7. However, the Federal Rules contemplate that such an amendment would be done to cure shortcomings in the initial complaint, or to add new, valid claims to a case. Filing an

amended complaint to merely parrot the insufficient, improper initial claims found in the original complaint, or to add additional insufficient, improper claims, does not address the benefits referenced in the opposition (Opposition, p. 8) because those benefits relate to careful and prompt amendment to eliminate arguments for dismissal raised in a motion to dismiss the original complaint. It should be noted that the language in the motion indicating that the Amended Complaint would "moot" the initial motions to dismiss, which plaintiff's counsel now objects to, is actually language taken directly from the "oppositions" filed by plaintiff's counsel (Documents 30, 31 and 32) to the initial motions to dismiss.

The arguments from plaintiff's counsel that the Amended Complaint narrowed issues and clarified the scope of the unjust enrichment claim reflect, at best, cosmetic changes.[1] Amendments are fine if they serve a purpose. In this case, however, no purpose was served except to force the Ran defendants to, again, file motions to dismiss. The Amended Complaint was still based on, and still fell because of, the insufficient and improper assertion that Mr. Guan was a victim of forced servitude. Whether or not the changes, or tweaks, to the initial Complaint were major or minor, the result is the same, the Amended Complaint was just as deficient as the initial Complaint.

### III.  NEW EVIDENCE

Just as the procedural marker discussed above fails to support plaintiff's counsel's argument that the Amended Complaint was sufficiently improved to insulate plaintiff's counsel from the imposition of sanctions, the discussion of newly discovered evidence (Opposition, pp. 9-10) falls for the same reasons. The Amended Complaint filed by plaintiff's counsel did not cure the underlying problem – Mr. Guan was not a victim of

---

[1] It is absurd for plaintiff's counsel to argue that the original Complaint did not seek damages outside the statute of limitations. The original Complaint clearly did not include any limitation period of the claim for unjust enrichment, that limitation was only introduced after the Ran defendants pointed out the overreaching nature of the claim in the initial motions to dismiss. The Amended Complaint, in ¶210, introduced that limitation on this peripheral issue.

forced servitude.  Plaintiff's counsel's attempt to shift the focus from their own actions to arguments made in a state divorce action between Mr. Ran and Ms. Guan does not address their own failure.  It is plaintiff's counsel's failure to act that makes plaintiff's counsel subject to sanctions.

## IV.  THIS COURT'S RULING

The Court's ruling in the Memorandum Opinion found that the claims based on "peonage" filed by the plaintiff's counsel in the Amended Complaint had failed to heed the warnings raised in the initial motions to dismiss, because just as the Ran defendants had stated in their initial motions to dismiss, there was no basis in fact for any claim that Mr. Guan suffered from forced servitude.  There was no peonage, and peonage is the key to the claims made by plaintiff's counsel.  The Court clearly rejected the Amended Complaint.  The ultimate issue of Mr. Guan's alleged servitude, and thus any violation of 18 U.S.C. §1581A, had no basis in law or in fact, either in the initial Complaint or in the Amended Complaint.  Plaintiff's counsel's attempt (Opposition, pp. 10-11) to redeem their pleading by pointing to their filing of a state law claim for unjust enrichment, which the Court invited them to do, is also unavailing in protecting plaintiff's counsel from sanctions.  Had plaintiff's counsel properly assessed the facts in this matter, and properly applied the law, the state law claim would have been made properly, in a state court of competent jurisdiction in Virginia, rather than as an add on to try to buttress a factually deficient case in this federal court.[2]

## V.  INHERENT POWERS

Sanctions are sought to be imposed under the inherent powers of this Court at this time simply because that is the course of action that the Ran defendants determined was

---

[2] It is significant that plaintiff's counsel could not provide a valid factual basis for peonage claims in either the Complaint or the Amended Complaint.  In addition, plaintiff's counsel did not even argue in the Opposition that there was such a valid factual basis.  Nothing in the Opposition even suggests, for instance, that there was ever any merit to the "human trafficking" allegations raised against Qi Tech or the other Ran defendants.

4

the most appropriate course to follow under the circumstances.  The Ran defendants did not decide to seek sanctions pursuant to Rule 11, or any other rule or statute; they sought to seek sanctions from this Court under its inherent powers.  The Ran defendants had the right to make that decision because it was in this Court that plaintiff's counsel failed to adequately acknowledge the shortcomings of the claims and, regardless of the arguments in the initial motions to dismiss, filed the deficient Amended Complaint anyhow.  As stated in *Chambers v. NASCO, INC.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), "[t]here is nothing in § 1927, Rule 11, or other Federal Rules of Civil Procedure authorizing attorney's fees as a sanction, or in this Court's decisions interpreting those other sanctioning mechanisms, that warrants a conclusion that, taken alone or together, the other mechanisms displace courts' inherent power to impose attorney's fees as a sanction for bad-faith conduct."  501 U.S. at 33.

Plaintiff's counsel completely misstates the holding of the Supreme Court in its discussion of *Chambers*.  In the Opposition (Opposition, pp. 11 *et seq.*), plaintiff's counsel asserts that the Supreme Court identified "five requirements" for imposing attorney's fees as sanctions under the inherent powers of the courts.  The truth of the matter is that the Supreme Court did not establish or identify any "requirements" for upholding the award of sanctions under the court's inherent powers.  All the Supreme Court did was review five "criteria" raised by Mr. Chambers, based on cases imposing sanctions under Rule 11 rather than under the inherent powers doctrine, in contesting the award of sanctions against him by the District Court.  The Supreme Court also reviewed the counter-arguments made by NASCO in support of the finding by the District Court. 501 U.S. at 55 - 58.  At no point did the Supreme Court find that the Rule 11 requirements were necessary, that any or all of the five criteria was required, or that other criteria may or may not be applicable.  Requiring a claim for sanctions under the inherent powers doctrine to satisfy all of the requirements established under Rule 11 would, of

necessity, subsume the inherent powers of the court into Rule 11 proceedings, which would eliminate the long-held power of a court to discipline those appearing before it, which is directly contrary to the holding in *Chambers*.

### VI.  AMOUNT OF FEES SOUGHT

All of the fees and costs sought as sanctions by the Ran defendants are appropriate in this matter.  As stated in *Goodyear Tire & Rubber Company v. Leroy Haeger, et al.*, 581 U.S. _____, No. 15-1406, slip op. p. 11 (April 18, 2017), "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award [of all of the legal expenses in the suit]."  In this case, all of the fees and costs incurred beginning with the review of the Amended Complaint upon its filing were attributable to the bad faith filing of the Amended Complaint, so a blanket award would be appropriate.  The decision whether or not sanctions are appropriate in this matter is for this Court to decide at this time.  The arguments raised by plaintiff's counsel as to the amount of such sanctions, or the amount of the attorney fees and costs sought by the Ran defendants as sanctions may, however be better resolved through assignment of that question to a magistrate judge.  Similarly, any question concerning the ability of the plaintiff's counsel to pay a certain amount as sanctions could be referred, at the same time, to a magistrate judge for resolution in a consolidated hearing.

### VII.  OTHER BEHAVIOR BY MR. RAN

Plaintiff's counsel's discussion (Opposition, pp. 20-21) of Mr. Ran's actions seeking sanctions in his divorce case against Ms. Guan is a ploy to distract this Court from its consideration of plaintiff's counsel's actions.  What Mr. Ran did, or may have done, while being represented by counsel other than the undersigned, is irrelevant to this Court's review of plaintiff's counsel's inability to file an Amended Complaint that actually failed to state a valid claim or claims based upon peonage.  The baseless

pleading filed herein cannot be excused because plaintiff's counsel may believe, or want

the Court to believe, that Mr. Ran is unworthy of justice.  This Court should reject, out of

hand, the attempt to create some sort of balance between two unrelated behaviors.

Arguing, as plaintiff's counsel appears to be arguing, that this Court should excuse

plaintiff's counsel's sanctionable behavior because Mr. Ran, in a totally unrelated matter,

may have engaged in sanctionable behavior, is objectionable in the extreme.

### *VIII.  CONCLUSION*

WHEREFORE, as requested in their motion and described in more detail in the

memorandum in support of the motion, this Court should grant the motion of defendants

BING RAN, ADVANCED SYSTEM TECHNOLOGY AND MANAGEMENT, INC.

and QI TECH, LLC seeking sanctions against the plaintiff's counsel in the form of the

Ran defendants' attorney fees and expenses incurred beginning with the review of the

Amended Complaint, and continuing through the dismissal of the action.  Had the

plaintiff's counsel dismissed the action rather than filing the deficient Amended

Complaint, none of those fees or costs would have been incurred.

Respectfully submitted,

BING RAN, ADVANCED SYSTEM
  TECHNOLOGY AND MANAGEMENT, INC.
  and QI TECH, LLC


_____/s/_____
By Counsel


WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for Defendants BING RAN, ADVANCED SYSTEM
  TECHNOLOGY AND MANAGEMENT, INC. and QI TECH, LLC
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 16th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to at least the following counsel of record:

> Joshua Erlich, Esquire
> Davia Craumer, Esquire
> Katherine Herrmann, Esquire
> THE ERLICH LAW OFFICE, PLLC
> 2111 Wilson Boulevard, Suite 700
> Arlington, VA 22201
> Jerlich@erlichlawoffice.com
> Dcraumer@erlichlawoffice.com
> Kherrmann@erlichlawoffice.com
> Counsel for Plaintiff Fei Guan

and

> Douglas Bywater, Esquire
> Paul Mickelsen, Esquire
> TATE BYWATER FULLER MICKELSEN & TULL, PLC
> 2740 Chain Bridge Road
> Vienna, VA 22181
> Debywater@tatebywater.com
> Pmickelsen@tatebywater.com
> Counsel for Defendant Alice Guan

By:     _____/s/_____
WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for Defendants BING RAN
ADVANCED SYSTEM TECHNOLOGY
AND MANAGEMENT, INC. and
QI TECH, LLC
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com