IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| FEI GUAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17cv332 (JCC/IDD) |
| ) | |
| BING RAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Bing Ran; Advanced System Technology and Management, Inc. ("AdSTM"); and Qi Tech, LLC ("Qi Tech") (collectively, the "Defendants") Motion for Sanctions. [Dkt. 62.] For the following reasons, the Court will deny Defendants' motion.

## I. Background

The factual background of this case is recited in detail in the Court's July 6, 2017, Memorandum Opinion and Order granting Defendants' motions to dismiss. [Dkt. 60.] Familiarity with that Memorandum Opinion and Order are presumed.

Defendants filed the instant motion for sanctions on August 1, 2017. [Dkt. 62.] On August 14, 2017, Plaintiff filed his opposition. [Dkt. 66.] Defendants replied on August 16, 2017. [Dkt. 67.] This matter is now ripe for disposition.

1

## II. Analysis

A court's inherent power allows it to sanction attorneys who take actions in bad faith, wantonly, oppressively, or vexatiously. *Royal Ins. V. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 567 (E.D. Va. 2002). This power should be "exercised with great caution" and can only be used to assess attorney's fees against the responsible party if the court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* (internal citations and quotations omitted). The burden of proof for "demonstrating an entitlement to attorneys' fees [under the court's inherent powers] rests on the moving party." *Stradtman v. Republic Servs.*, 121 F. Supp. 3d 578, 581 (E.D. Va. 2015) (citing *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 284 (4th Cir. 2006)).

Defendants move for sanctions against Plaintiff for his decision to file an Amended Complaint, which Defendants assert made "only minor tweaks and revisions" to his claims, rather than voluntarily dismissing his lawsuit in its entirety. Def. Mot. for Sanctions [Dkt. 63] at 6. Defendants contend that Plaintiff should have recognized the "total lack of a factual basis to support any [of his] claim[s] under the [Trafficking Victims Protection Act]." *Id.* Moreover, Defendants allege that Plaintiff's claim seeking a declaratory judgment ultimately failed to satisfy the Article III

case or controversy requirement.[1]  *Id.* at 7.  Finally, Defendants note that the Court declined to exercise jurisdiction over Plaintiff's remaining state law claim.  *Id.* at 7-8.  Based upon this Court's dismissal of Plaintiff's lawsuit, Defendants now seek $82,358.24 in attorneys' fees and costs.  *Id.* at 9.

In the instant case, Defendants have failed to make a showing that Plaintiff's counsel engaged in the type of bad faith conduct that would warrant the imposition of sanctions pursuant to this Court's inherent powers.  Accordingly, the Court declines to invoke those sanctions.[2]

### III.  Conclusion

For the reasons set forth above, the Court will deny Defendants' motion for sanctions.  An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 28, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[1] Defendants' motion fails to acknowledge that the Court based this determination on two factors: (1) Defendant AdSTM had never sought to enforce Plaintiff's non-competition agreement; and (2) AdSTM made assurances, in its opposition brief, that it had no intention of doing so.  *See* Mem. Op. [Dkt. 60] at 15.

[2] Defendants did not move for sanctions under Rule 11, nor could they have after the case's dismissal.  *See* Fed. R. Civ. P. 11, Application Notes ("Given the 'safe harbor' provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."); *see also Royal Ins.*, 216 F. Supp. 2d at 565 ("Rule 11 Sanctions are not available when the moving party waits to serve the motion after the final disposition of the claim between the parties.") (internal citation omitted).  Nevertheless, the Court would be remiss if it did not point out that the Defendants failed to comply with Rule 11's "safe harbor" provisions here.  Defendants did not provide Plaintiff with formal or informal notice of their intention to seek sanctions based upon the filing of his Amended Complaint.  They did not offer him at least 21 days to respond.  Instead, Defendants waited until after the Court ruled on their motions to dismiss to spring a motion for sanctions on Plaintiff.  Thus, had Defendants been able to seek sanctions under Rule 11 today, such a motion would have ultimately been denied as untimely.  *See Royal Ins.*, 216 F. Supp. 2d at 565-66.